**Darrel SODERBERG, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 02–3102.

United States Court of Appeals, Federal Circuit.

June 6, 2002.

Before MAYER, Chief Judge, DYK and PROST, Circuit Judges.

PER CURIAM.

Darrel Soderberg petitions for review of the final decision of the Merit Systems Protection Board (the "Board") interpreting a settlement agreement between Mr. Soderberg and the United States Postal Service ("USPS") to preclude Mr. Soderberg from being paid as an employee of the USPS between June 19, 1999, and July 30, 1999, and as allowing the USPS to seek repayment of amounts paid in error for that period. *Soderberg v. U.S. Postal Serv.,* 90 M.S.P.R. 455 (M.S.P.B. 2001). Because the Board correctly interpreted the settlement agreement, we *affirm.*

On June 9, 1999, Mr. Soderberg was removed from his position as a Postmaster with the USPS for engaging in conduct unbecoming a Postmaster. Mr. Soderberg appealed the removal action to the Board, but before that appeal was decided he entered a Stipulation and Settlement Agreement (the "Agreement") with the

USPS on August 4, 1999. The terms of the Agreement required:

1. The U.S. Postal Service agrees to rescind and expunge from Appellant's Official Personnel Folder the Notice of Proposed Removal, dated May 7, 1999, and the Letter of Decision, dated June 9, 1999, which became effective June 19, 1999, within a reasonable period of time....

. . .

3. Appellant, Darrel Soderberg, requests a voluntary downgrade and reassignment from the position of Postmaster, EAS–18, at the Staples, Minnesota Post Office to the position of part-time flexible clerk, PS–5, at the St. Cloud, Minnesota Post Office, effective August 14, 1999....

. . .

5. The parties agree that Appellant will not be entitled to any back pay from June 19, 1999, until the date the voluntary downgrade becomes effective, August 14, 1999.

. . .

11. The parties agree that the U.S. Postal Service waives any and all claims, rights of appeal, collateral actions, or requests for payment of restitution from Appellant arising out of the same core of common facts which comprise the instant Petition for Appeal, now and forever.

In October 2000 the USPS discovered that it had inadvertently paid Mr. Soderberg from June 19, 1999, through July 30, 1999. On October 23, 2000, the USPS sent a letter to Mr. Soderberg seeking recovery of $4,233.04 in salary for this period. On November 28, 2000, Mr. Soderberg responded by filing a petition for enforcement with the Board alleging that the USPS breached the Agreement by seeking repayment. Mr. Soderberg alleged that paragraph 11 of the Agreement precluded the USPS from making any claim related to his removal, including demand for salary repayment.

The Board in its March 13, 2001, Initial Decision, denied Mr. Soderberg's petition. The Administrative Law Judge reasoned:

I find that in paragraph 5, the appellant admitted he is not entitled to pay for the period of time from June 9, 1999 to August 14, 1999. The appellant received pay for that period of time. I further find that the agency's Letter of Demand did not arise from the same "core of common facts and allegations" surrounding the appellants' removal from the agency. Thus, the agency did not breach the August 5, 1999 settlement agreement when it issued the October 13, 2000 [sic, October 23, 2000] Letter of Demand to the appellant.

The Board affirmed the Initial Decision and denied Mr. Soderberg's Petition for Review in an order dated August 23, 2001. This appeal followed. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

The interpretation of a settlement agreement is an issue of law, *Mays v. U.S. Postal Serv.*, 995 F.2d 1056, 1059 (Fed.Cir. 1993), which this court reviews without deference. *King v. Dep't of the Navy*, 130 F.3d 1031, 1033 (Fed.Cir.1997).

Paragraph 5 of the Agreement here clearly provides that Mr. Soderberg "will not be entitled to back pay from June 19, 1999, until the date the voluntary downgrade becomes effective, August 14, 1999." Despite this language, Mr. Soderberg urges that he is entitled to the salary inadvertently paid to him because this money did not represent "back pay" under paragraph 5 of the Agreement but money he was owed as an employee of the USPS. Mr. Soderberg urges that his June 9, 1999, removal from the position as Postmaster was nullified by paragraph 1 of the Agree-

ment and therefore between June 19, 1999, and July 30, 1999, he was "on Administrative Leave" from the USPS but "still actively employed" by the USPS.

Paragraph 1 of the Agreement, however, does not entitle Mr. Soderberg to be paid for the period in question. Mr. Soderberg concedes that for the period between August 1, 1999, to August 14, 1999, he was on Leave Without Pay status. For the period between June 19, 1999, to July 30, 1999, Mr. Soderberg stated in his Petition for Enforcement to the Board that the "alleged overpayment apparently resulted from the U.S. Postal Service's administrative error in not stopping Appellant's pay upon the effective date of his removal." Thus, Mr. Soderberg appears to recognize that he was not entitled to receive any salary from the USPS between June 19, 1999, and August 14, 1999.

Next, Mr. Soderberg argues that, even if he was not entitled to receive a salary during the relevant time period, the USPS cannot recover the money mistakenly paid to him because under paragraph 11 of the Agreement the USPS waived any claims for restitution from Mr. Soderberg. There is no assertion that the USPS had asserted any claim for restitution before the date of the Agreement, and there is no indication that paragraph 11 of the Agreement was intended to extinguish the USPS's claim for restitution of overpayments made to Mr. Soderberg between June 19, 1999, and July 30, 1999. That paragraph is limited to "requests for payment of restitution from Appellant arising out of the same core of common facts and allegations which comprise the instant Petition for Appeal . . . ." The present claim is not within that category. Thus, we conclude that paragraph 11 of the Agreement does not bar the USPS's claim for repayment of salary mistakenly paid to Mr. Soderberg.

Accordingly, the decision of the Board is *affirmed.*

## COSTS

No costs.